

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
      FILED
   MAR - 9 2015
CLERK, U.S. DISTRICT COURT
By_____
         Deputy
```

| | | |
|---|---|---|
| BRIAN HENDERSON and<br>ERICA HENDERSON,<br><br>    Plaintiffs<br>v.<br><br>BELLA ASSETT MANAGEMENT<br>and DAVID LAGAT,<br><br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:14-CV-1032-A |

## DEFENDANTS' ORIGINAL ANSWER, and
## MOTION and BRIEF TO DISMISS PURSUANT TO FED R. CIV. P 12(b)(6)

DEFENDANTS, Bella Asset Management, LLC and David Lagat, file this Original Answer to Plaintiffs' Original Complaint filed on December 19, 2014, and Defendants file their Motion for More Definite Statement and their Motion and Brief to Dismiss Pursuant to Fed. R. Civ. Pl 12(b)(6), and would respectfully show as follows:

I.

### ANSWER TO SPECIFIC ALLEGATIONS IN THE COMPLAINT

1. Defendants deny the allegations contained in Paragraph 1, except as to the statement that Plaintiffs are seeking relief under the statutes as stated therein.

2. Defendants deny the allegations contained in Paragraph 2, except as to the statement that Plaintiffs are seeking to recover damages under the statutes as stated therein.

3. Defendants deny that they are subject to service of process in any district other than the Northern District of Texas, as stated in Paragraph 3 of the Complaint. Defendants further deny

that Title 29 of the United States Code, including Section 1132, is applicable to the claims stated by Plaintiffs in this case, as alleged in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in the first sentence of Paragraph 4 of the Complaint. Defendants. The allegations contained in the second sentence of Paragraph 4 contain statements of intention on the part of Plaintiffs for which no responsive pleading is required. To the extent that a response is required, Defendant deny such allegations.

5. Defendants deny the allegations in Paragraph 5 of the Complaint. Defendants further assert that neither of them is a "debt collector" as defined in Chapter 392 of the Texas Finance Code, and therefore, Defendants have not violated Texas law.

6. Defendants deny that jurisdiction has been established by Plaintiffs as stated in Paragraph 6 of the Complaint.

7. Defendants admit that venue, if any claims are viable in this court, is proper only in the Northern District of Texas, but Defendants deny that the provisions of the Federal Fair Debt Collection Practices Act or Chapter 392 of the Texas Finance Code are applicable in this case, as alleged in Paragraph 7 of the Complaint.

8. Defendants admit that venue is proper in the Northern District of Texas, as alleged in Paragraph 8 of the Complaint, but deny that any actionable conduct on the part of Defendants has occurred. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations as to damages incurred by Plaintiff as stated in Paragraph 9 of the Complaint.

10. Defendants admit that Brian Henderson and Erica Henderson are individuals. Defendants are without sufficient information to admit or deny the remaining allegations in

Paragraph 10 of the Complaint.

11. Defendants admit that Bella Asset Management, LLC has offices located at 7278 Glenview Drive, Richland Hills, Texas 76180, and that David Lagat is a member of this limited liability company. Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that Plaintiffs are individuals, but because Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint, and specifically deny that they collect "debts owed or due, or asserted to be owed or due another."

14. Defendant Bella Asset Management, LLC admits the allegations in Paragraph 14 of the Complaint. Defendant David Lagat denies the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that the written notice to vacate dated September 11, 2014 delivered to Plaintiffs does not contain the following statement: "*This is an attempt to collect a debt. Any information will be used for that purpose. If you dispute the validity of the debt, you have 30 days to notify of such.*"[1] Defendants deny that such statement was required to be included in the notice to vacate. Defendants deny the remaining allegations of Paragraph 15 of the Complaint.

16. Defendants assert that the provision of the Federal Fair Debt Collection Practices Act alleged in Paragraph 16 of the Complaint do not apply to the notice to vacate. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants assert that no request for validation of the rent due was made, that a

---

[1] Defendants are unsure of what Plaintiffs specifically contend is a "mini-miranda warning" under the Federal Fair Debt Collections Practices Act, but presume this is the statement to which Plaintiffs refer.

validation of any debt owed by Plaintiffs to Bella Asset Management, LLC, was required or that the provisions of the Federal Fair Debt Collection Practices Act stated in Paragraph 17 of the Complaint are applicable. Defendants deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants assert that no request for validation of the rent due was made, that a validation of any debt owed by Plaintiffs to Bella Asset Management, LLC, was required or that the provisions of the Federal Fair Debt Collection Practices Act stated in Paragraph 18 of the Complaint are applicable. Further, Defendants assert that Bella Asset Management, LLC, was not required to cease "collection efforts," as alleged in Paragraph 18 of the Complaint. Defendants deny the remaining allegations of Paragraph 18 of the Complaint

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants are without sufficient information to admit or deny the vague, unspecific allegations in Paragraph 20 of the Complaint and therefore, deny such allegations.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny that they are "debt collectors" or that such statement is required to be included in a residential lease agreement. Defendants deny the remaining allegations of Paragraph 22 of the Complaint.

23. Defendants admit that on October 3, 2014, the Justice Court for Precinct 6 of Tarrant County, Texas entered a Judgment for Possession of real property (4363 Marks Place, Fort Worth, Texas 76116) in favor of Bella Asset Management, LLC. Defendants deny the remaining allegations of Paragraph 23 of the Complaint.

24. Defendants deny that they communicated "false credit information." Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny that they have violated Chapter 392 of the Texas Finance Code, that Chapter 392 of Texas Finance Code applies to the facts alleged by Plaintiffs in Chapter 26 of the Complaint, or that Defendants are collecting "consumer debts" for which either of them are required to be bonded. Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 of the Complaint are statements or legal conclusions which do not require a response. To the extent necessary, Defendants deny the allegations of Paragraph 27 of the Complaint.

28. The statements in Paragraph 28 of the Complaint are statements re-incorporating allegations in other parts of the Complaint. Accordingly, Defendants re-assert any denials to such allegations.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. The statements in Paragraph 30 of the Complaint are requests for relief which do not require a response from Defendants, except to deny that Plaintiffs are entitled to the requested relief or damages.

31. The statements in Paragraph 31 of the Complaint are requests for relief which do not require a response from Defendants, except to deny that Plaintiffs are entitled to the requested relief or damages.

32. The statements in Paragraph 32 of the Complaint are statements re-incorporating allegations in other parts of the Complaint. Accordingly, Defendants re-assert any denials to such allegations.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. The statements in Paragraph 36 of the Complaint are requests for relief which do not require a response from Defendants, except to deny that Plaintiffs are entitled to the requested relief or damages.

II.

AFFIRMATIVE DEFENSES

37. <u>Not "Debt Collectors" and no "Consumer Debt" under FDCPA</u>. Defendants are not "debt collectors" as defined in the Federal Fair Debt Collection Practices Act, and they are not seeking to collect a "consumer debt," as defined thereunder. Defendants merely sought a judgment and writ for possession of real property leased by Plaintiffs and for which they did not pay rent as agreed.

38. <u>Not "Debt Collectors and no "Consumer Debt" under Chapter 392 of Texas Finance Code</u>. Defendants are not "debt collectors" as defined in the Texas Debt Collection Practices Act, and they are not seeking to collect a "consumer debt," as defined thereunder. Defendants merely sought a judgment and writ for possession of real property leased by Plaintiffs and for which they did not pay rent as agreed.

39. Defendant Lagat is a member of Bella Asset Management, LLC., and acted only in his capacity as an agent for Bella Asset Management, LLC, in connection with the lease of real property to Plaintiffs, and not independently.

40. Defendants pray that Plaintiffs take nothing on each of their cliams against Defendants, and Defendants request general relief.

III.

## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

41. Defendants move to dismiss the Plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) in that Plaintiffs have failed to state a claim against Defendants upon which relief can be granted by this Court. Specifically, Plaintiffs have failed to plead how either of Defendants is a "debt collector" under the Federal Fair Debt Collection Practices Act (FDCPA) and that sending a notice to vacate to Plaintiffs constitutes "an attempt to collect a debt," as defined under the FDCPA.

42. Because Plaintiffs have failed to state a claim against Defendants upon which relief can be granted under federal law, this Court lacks subject matter jurisdiction regarding any remaining state law claims asserted by Plaintiffs in that no diversity of citizenship exists nor the minimum amount in controversy of $75,000 required by 28 USC §1332. Alternatively, in the event that subject matter jurisdiction of Plaintiffs' state law claims against Defendant is established in this Court, this Court should decline to exercise any supplemental jurisdiction over Plaintiffs' state law claims.

IV.

## BRIEF IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

43. Fed. R. Civ. P. 8 generally requires a plaintiff to do more than simply allege legal conclusions that are unsupported by any factual underpinnings in asserting claims against a defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that legal conclusions must be supported by factual allegations). Additionally, a plaintiff's complaint must provide sufficient *facts* to infer a plaintiff's right to relief is plausible. *Id.* at 678. In this case, Plaintiffs have plead no facts

and have only alleged general conclusions restating the statutes upon which they base their claims. Conclusory allegations that are merely consistent with unlawful conduct, but without supporting facts, are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566-569 (2007). A review of the Plaintiff's complaint clearly indicates that Plaintiffs have not alleged sufficient facts to state any claims for relief against the Defendants in this case, and therefore, the complaint should be dismissed.

44. Defendants are not "debt collectors" as that term is defined under 15 USC §1692(a)(6), which provides that a "debt collector" is one who "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." In this case, Plaintiffs have failed to allege any facts showing that Defendants are in fact "debt collectors" under the FDCPA. Absent such appropriate factual allegations, Plaintiffs have failed to state a claim against the Defendants under the FDCPA. *See Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 741 (N.D. Tex. 2013)(dismissing FDCPA claims against all parties under Fed. R. Civ. P. 12(b)(6)).

45. In this case, Defendants were seeking to gain peaceable possession of the residential real property leased by one of the Plaintiffs, Brian Henderson. Serving a notice to vacate in a state court eviction proceeding is not "debt collection" covered by the FDCPA. See e.g., *Bobo v. Trott & Trott, P.C.,* (E.D. Mich 2014).

46. Further, even if serving a written notice to vacate qualifies as "debt collection," when a party is seeking to collect *its own debts*, the FDCPA does not apply. *Brush v. Wells Fargo Bank, N.A.*, 911 F.Supp. 2d 445, 448 (S.D. Tex. 2012). In this case, Defendants were seeking to enforce their own lease agreement with Plaintiffs and not seeking to collect another person's debt.

47. When all federal claims are dismissed prior to trial, the general rule in the Fifth Circuit is for the district court to decline exercising jurisdiction over remaining state law claims. *See Nagy v. George,* 286 F. App'x 135 (5th Cir. 2008); *LaPorte Constr. Co. v. Bayshore Nat'l Bank,* 805 F.2d 1254, 1257 (5th Cir. 1986). A district court has discretion to exercise supplemental jurisdiction and in determining whether to do so, the courts should consider issues of judicial economy, convenience, and fairness to the litigants. *Id.* In this case, the issues in this case are unique to

WHEREFORE, PREMISES CONSIDERED, Defendants request that their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) be granted and that the claims against them be dismissed and that the Court decline to exercise supplemental jurisdiction over any and all non-federal claims which Plaintiffs may assert, together with general relief.

Respectfully submitted,

_____
Annette Loyd Vanicek
State Bar No. 16731100
4528 W. Vickery Boulevard, Suite 202
Fort Worth, Texas 76107
(817) 769-2724
(817) 769-2703 - Telecopier
annette@vaniceklaw.com

ATTORNEY FOR DEFENDANTS

OF COUNSEL:
Joyce M. Lindauer
State Bar No. 21555700
Joyce Lindauer, PLLC
12720 Hillcrest Suite 625
Dallas, TX 75230
Telephone (972) 503-4033
Fax (972) 503-4034

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2015, I served the foregoing document upon the Plaintiffs as follows:

Brian Henderson
Erica Henderson
5516 Goodman Avenue
Fort Worth, TX 76107
*via Certified Mail, Return Receipt Requested*

_____
Annette Loyd Vanicek