Case 4:14-cv-01032-A Document 14 Filed 04/01/15 Page 1 of 4 PageID 46

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APRIL 1, 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRIAN AND ERICA HENDERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-1032-A |
| | § | |
| BELLA ASSET MANAGEMENT AND DAVID LAGAT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the unopposed motion and brief of defendants, Bella Asset Management, LLC, and David Lagat, to dismiss for the failure of plaintiffs, Brian Henderson and Erica Henderson, to state a claim upon which relief may be granted. The court has concluded that such motion should be granted, and all claims and causes of action asserted by plaintiffs against defendants should be dismissed.

I.

Nature of the Plaintiffs' Complaint

The complaint filed by plaintiffs on December 19, 2014, contains allegations that indicate that they are tenants in property owned or managed by defendants. Plaintiffs allege in paragraph 14 of the complaint that they were served by defendants with notice to vacate for non-payment of rent. They allege in paragraph 22 that defendants are parties to a lease agreement,

apparently pertaining to the property in question. In paragraph 23 of the complaint, plaintiffs allege that defendants took court action and had plaintiffs evicted from their premises.

Plaintiffs make conclusory assertions in their complaint that defendants are debt collectors, and are subject to various federal and state statutes pertaining to conduct of debt collectors.

II.

Grounds of the Motion to Dismiss

In reliance on the decisions of the Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009), defendants take the position that the allegations made by plaintiffs that they are debt collectors are mere legal conclusions that are unsupported by any factual allegations, and that the allegations of plaintiffs' complaint do not provide sufficient facts to infer that any right of relief claimed by plaintiffs against defendants is plausible.

III.

Analysis

A. Standards Applicable to the Relief Sought by the Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 669 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task

3

that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

B. The Applicable Standards Are Not Satisfied by the Allegations of the Complaint

The only reasonable inference to be drawn from the allegations of the complaint is that plaintiffs have leased the property in question from defendants, and that defendants took actions to cause plaintiffs to be evicted from the property. No facts are alleged that would lead to a plausible conclusion that either defendant is a debt collector or that either defendant is subject to any of the federal or state laws plaintiffs claim defendants violated. Therefore, plaintiffs have failed to state a cause of action upon which relief may be granted against either defendant.

IV.

Order

For the reasons stated above,

The court ORDERS that all claims and causes of action asserted by plaintiffs in the above-captioned action against defendants be, and are hereby, dismissed.

SIGNED April 1, 2015.

_____
JOHN McBRYDE

4